**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Robert DeSanto, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: _____ |
| v. | : |
| | : |
| Jaffe & Asher LLP; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

## COMPLAINT

Plaintiff, Robert DeSanto, says by way of Complaint against Defendant, Jaffe &
Asher LLP, as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's
personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      This Court has supplemental jurisdiction over all other claims in this action, as all
such claims arise out of the same case or controversy as Defendant's violations of the FDCPA
pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the District of New Jersey pursuant
to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4.      The Plaintiff, Robert DeSanto ("Plaintiff"), is an adult individual residing in Bayville, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Jaffe & Asher LLP ("Jaffe"), is a New York business entity with an address of 600 Third Avenue, New York, New York 10016, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Jaffe and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Jaffe at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff incurred a financial obligation (the "Debt") to American Express (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Jaffe for collection, or Jaffe was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Jaffe Engages in Harassment and Abusive Tactics

12.     Within the last year, Jaffe contacted Plaintiff in an attempt to collect the Debt.

13.     Plaintiff entered into a payment arrangement and agreed to make monthly payments to Jaffe in the amount of $750.00 on the 15th day of each month.

14.     Plaintiff has been making timely payments as agreed.

15.     In early August, 2012, Plaintiff contacted Jaffe and requested that the payment date be moved to 25th day of each month.

16.     On August 13, 2012 Jaffe agreed to move the payment due date to 20th day of each month, including August 2012, except for the very last payment being due on the 15th day of February.

17.     Jaffe then took the payment out of Plaintiff's account of the 15th day of August, despite the agreement to move the payment due date to August 20th.

### C.  Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit.

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 28, 2012

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237